UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Casey Earl Johnson, | ) | C/A No. 4:14-00406-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Michael Schwarts, C.O. Jamie Poinsette, and | ) | |
| C.O. Neil Boshears, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **PROCEDURAL BACKGROUND**

Plaintiff, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on February 18, 2014, alleging a violation of his constitutional rights. On June 16, 2014, Defendants filed a motion to dismiss for lack of prosecution. (Doc. #29). Specifically, Defendants argue the case should be dismissed for failure to comply with the court's order to notify the Clerk of Court of any address change. Defendants assert that they have mailed a Notice of Appearance and an Answer to the Plaintiff which were returned as undeliverable as the Plaintiff is no longer at the Georgetown County Detention Center.

As the Plaintiff is proceeding *pro se*, the court issued an order on or about June 17, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. The Roseboro Order was returned to the Clerk of Court's office *via* United States Postal Service on June 30, 2014,

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

marked  "Return to Sender" and "Inmate no longer at this facility." (Doc. #33).  Petitioner has not

responded to the motion or provided the court with an updated address.[2]

### RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

Carlson, 882 F.2d  93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing

Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant

to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his

actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have

been filed to the Defendants' motion to dismiss for failure to prosecute. Plaintiff has not responded

to Defendants' motion to dismiss for failure to prosecute or the court's order requiring him to

respond. The mail was returned as undeliverable noting that Plaintiff was no longer an inmate at the

facility. (Doc. #33).  The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears

---

[2] An Order was issued on February 26, 2014, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed for violating the order. (Doc. #8).

there are no less drastic sanctions available. Accordingly, it is recommended that Defendants' motion to dismiss for lack of prosecution (doc. #29) be granted and this action dismissed pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

**CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Defendants' motion to dismiss for lack of prosecution (doc. #29) be granted and this action dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 29, 2014
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**